■ In the Matter of TIMOTHY BRAVAKOS, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—In this CPLR article 78 proceeding, determination of the respondent, Police Commissioner of the City of New York, dated March 27, 1986, finding petitioner guilty of addressing a woman in a discourteous and disrespectful manner and imposing the sanction of a written reprimand, unanimously confirmed, without costs or disbursements.

Responding to a radio call of a man with a gun (the complainant's husband), petitioner, according to the Hearing Officer, found himself "thrust into a volatile and disorderly situation created by [the complainant]", who, screaming and flailing her arms wildly, physically assaulted him on at least two separate occasions. The complainant was observed striking and kicking other police officers at the scene as well. When the complainant came back a third time and slapped petitioner in the face, he pushed her to the ground. Eventually, he had to punch the complainant to subdue her. He then

handcuffed her and placed her in the patrol car. On the basis of the testimony of the complainant and a neighbor, Ms. Jones, petitioner was found guilty of the only charge, i.e., addressing the complainant in a derogatory manner. The testimony of petitioner, who denied the charge, and three other responding officers, as well as the neighbor who originally called the police, that they did not hear the petitioner refer to the complainant in the manner charged, was rejected. It should be noted that Ms. Jones testified that several officers repeated the objectionable language, while the complainant testified that petitioner was the only one to speak in the manner charged. Significantly, the complainant's husband, who was present during the incident, and was arrested with her, was never called as a witness by the police department.

On this record, we would have reached a different conclusion. We find it difficult to understand the Hearing Officer's ready acceptance of the complainant's testimony, and his attribution to her of an altruistic motive, i.e., that she was fearful of her husband's safety. There was no testimony that he was ever in any peril. Indeed, one is left with a disquieting feeling as to the Hearing Officer's evaluation of the incident. Overlooked completely is that petitioner, who was injured and had to receive a tetanus shot, was truly a victim. We recognize, however, that it is the administrative agency's duty, not ours, to weigh the evidence and resolve conflicting testimony *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444), and that the scope of judicial review of an administrative determination, reached after a hearing at which evidence is taken, is limited to a consideration of whether the determination is supported by substantial evidence on the entire record *(Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-232). Recognizing that prevailing notions as to the scope of judicial review in substantial evidence cases have rendered the judicial function virtually meaningless, we have no choice but to confirm the determination. Concur—Murphy, P. J., Sullivan, Ross, Kassal and Ellerin, JJ.