■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Petitioner. NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent; DOCTORS' COUNCIL, Intervenor-Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Public Employment Relations Board, dated January 15, 1988, which, after a hearing, determined that the position of assistant medical director created by the New York City Transit Authority is within the scope of the existing bargaining unit of physicians represented by the Doctors' Council and that the New York City Transit Authority violated Civil Service Law § 209-a (1) (a), (c) and (d).

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, the counterclaim of the respondent New York State Public Employment Relations Board for enforcement of the determination is granted, and the petitioner is directed to comply with the determination dated January 15, 1988, with one bill of costs payable to the respondent and the intervenor-respondent.

It is the duty of the administrative agency and not the court to weigh the evidence and resolve conflicting testimony *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Bravakos v Ward,* 146 AD2d 504). The scope of review of the administrative determination is limited to the question of "whether that determination is supported by substantial evidence upon the entire record", that is, "whether there exists a rational basis to support the findings upon which the agency's determination is predicated" *(Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-180; *Matter of*

*Bravakos v Ward, supra,* at 505). Therefore, unless the petitioner can establish that there is no basis in the record to support the determination, it must be confirmed.

The record supports the finding of the New York State Public Employment Relations Board (hereinafter PERB) that there is no significant difference between the duties of the new position of assistant medical director and the position of physician that was abolished by the New York City Transit Authority. The "additional" duties assigned to assistant medical directors did not establish a lack of community interest between them and the remaining physicians so as to take them out of the bargaining unit of the Doctors' Council. Also, the record amply supports PERB's finding that since the reorganization was initiated "immediately upon the heels of implementation of a first collective bargaining agreement [this] had the effect of undermining and interfering with the ability of the certified employee organization to represent its bargaining unit members, giving rise to a violation of [§ 209-a (1)] (a) and (c) of the Act". That the plan was initiated within weeks after the implementation of the collective bargaining agreement could lead to the rational inference that its purpose was violative of the statute. Since the record does not support the contention of the New York City Transit Authority that these jobs are managerial, in the absence of any satisfactory explanation as to why the New York City Transit Authority abolished the position of physician, PERB's inference of an improper motive had a rational basis in the record *(see, Matter of City of Albany v Helsby,* 29 NY2d 433).

Finally, PERB's remedy is neither arbitrary nor capricious. The argument of the New York City Transit Authority that so much of the determination as directs reinstatement of "all employees laid off from the title of Physician" with back pay does not make sense because the part-time positions are no longer available is circuitous reasoning. These jobs are not available precisely because the positions were improperly eliminated. Thus, the remedy fashioned by PERB was designed to make whole those employees harmed by the unlawful elimination of these positions. This remedy is expressly authorized by Civil Service Law § 205 (5) (d) and has been consistently sustained by the courts *(see, Matter of City of Poughkeepsie v Newman,* 95 AD2d 101, 103; *Sinicropi v Bennett,* 92 AD2d 309, *affd* 60 NY2d 918; *Matter of Saratoga Springs City School Dist. [New York State Pub. Employment Relations Bd.],* 68 AD2d 202). Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.