■ In the Matter of JOSEPH VACCHIO, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Determination of respondent Police Department of the City of New York, dated March 16, 1988, dismissing petitioner from the police force, is unanimously confirmed, the petition denied, and this proceeding, brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County, Norman Ryp, J., entered on or about Apr. 3, 1989), is dismissed, without costs and disbursements.

On January 3, 1985, petitioner ran out of the 75th Precinct house, with his weapon drawn, in response to a complaint from an individual previously unknown to him, that he had just been threatened by a man with a gun. After commandeering the vehicle of a fellow officer, petitioner stopped behind a civilian matching the description of the gunman, exited the vehicle with his weapon drawn, and in an apparent accident, shot and killed an unarmed civilian, Darryl Dodson.

In light of the foregoing undisputed facts, we conclude that respondent's findings were supported by substantial evidence, and do not disturb the determination herein challenged. (See, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180-181; Matter of Bravakos v Ward, 146 AD2d 504, 505, lv denied 74 NY2d 601.)

With respect to the penalty imposed, we find that, under the circumstances presented, wherein petitioner's rash conduct resulted in a fatal injury, the sanction of dismissal does not shock the conscience. (Matter of Pell v Board of Educ., 34 NY2d 223, 233.) Concur—Murphy, P. J., Rosenberger, Kassal and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered on July 18, 1986, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Murphy, P. J., Rosenberger, Kassal and Smith, JJ.