■ In the Matter of ALFRED FERRISO et al., Petitioners, v BENJAMIN WARD, as Police Commissioner of the City of New

York, et al., Respondents.—Petition pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (David B. Saxe, J.), entered on February 22, 1989, challenging a determination by respondent Police Commissioner of the City of New York, dated March 8, 1988, approving the memorandum by the Assistant Deputy Commissioner of Trials which, following an administrative hearing, found petitioners Alfred Ferriso and Joseph Ninivaggi guilty of certain charges and specifications, and suspending Ferriso from duty for a period of 20 days, suspending Ninivaggi from duty for a period of 30 days and placing both of them on disciplinary probation for a period of one year upon restoration to duty, is denied, the determination unanimously confirmed and the proceeding dismissed, without costs or disbursements.

The disciplinary charges against petitioners herein, two officers of the New York City Police Department, were brought as the result of an incident which occurred in the early morning of January 31, 1985 when the complainant, Stephen Albelda, 27-year-old optician, having left a friend's home in Bayside, Queens, decided to visit Randazzo's Clam Bar in Sheepshead Bay. According to Albelda, he had consumed neither alcohol nor drugs. He got onto the Belt Parkway, heading west and, at some point, noticed a dark automobile following him. At first, Albelda did not realize that the vehicle behind him was an unmarked police car since neither the siren, loudspeaker nor lights were in use. According to Albelda, he had been driving at approximately 70 miles per hour but then slowed down to 50 miles per hour. In any event, the as yet unknown vehicle continued to tail the complainant for some time both on and off the Belt Parkway and through local streets. Eventually Albelda stopped at a red light, and the police automobile bumped the rear of his car. Four officers thereupon approached him with guns drawn, demanding that he open his door, and he complied. By this time, he was aware that his pursuers were police officers. Petitioner Joseph Ninivaggi began punching him in the face and chest. Albelda was pulled from his automobile, and, while in the street, he was beaten and kicked by several officers, Ninivaggi in particular. He did not resist nor attempt to flee. However, bleeding heavily, he was handcuffed and placed in the rear of the unmarked police vehicle where he continued to bleed. In the meantime, the officers searched his car and trunk and then interrogated him. The police thereafter drove a short distance to the Windjammer Motor Inn. Officer Ninivaggi went inside

and returned with two towels, which he gave to Albelda, and Albelda cleaned his face and the car seat. He declined the officers' offer to be taken to the hospital. He was served with two summonses for speeding and the failure to keep right, respectively, driven back to his automobile and released. He was suffering from an open cut above his left eye, swollen lip and chest pain. A subsequent hospital record revealed that he had several fractured ribs and a laceration over his left eyebrow. Albelda subsequently filed a complaint concerning the matter and testified at the departmental hearing against petitioners, as did Sergeant Angelo Maroulis, patrol supervisor for all parkways and service roads in Brooklyn, Kermit Carmichael, a Transit Authority bus driver who witnessed part of the altercation, the two petitioners, and a number of other officers appeared on petitioners' behalf. It was petitioners' contention that the complainant had received his injuries after slipping on the ice and falling to the sidewalk, and they claimed to have pursued Albelda with their headlights, interior lights, blinking lights and rotating dashboard light all on.

The Hearing Officer, however, in rejecting petitioners' account, proposed that Officer Ninivaggi be found guilty of wrongfully and without cause striking Albelda, causing his injuries, and that Officer Ferriso be found guilty of supplying false information on three reports about the incident and also of providing false testimony at a traffic hearing with respect to the summonses issued to the complainant. In the view of the Hearing Officer, Albelda's statements were, on the whole, credible whereas petitioners' testimony was not, noting that "it is absurd to believe that he [Albelda] sustained four fractured ribs and a busted eye-brow by that feat [slipping on the ice] alone". The Police Commissioner thereafter accepted these findings and imposed the recommended penalties of 30- and 20-day suspensions upon Officers Ninivaggi and Ferriso, respectively, followed by a one-year term of disciplinary probation. In that regard, the law is clear that judicial review of an administrative determination is limited to a consideration of whether the agency's ruling is supported by substantial evidence *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Moreover, it is the function of the administrative agency rather than that of the reviewing court to weigh the evidence and resolve conflicting testimony *(Matter of Bravakos v Ward,* 146 AD2d 504, *lv denied* 74 NY2d 601). Certainly, the court may not disturb an agency finding as to credibility *(see, Matter of Berenhaus v Ward,* 70 NY2d 436).* An examination of the record herein demonstrates ample

evidence to justify the determination in question, and this court may not substitute our judgment for that of respondent Police Department. Concur—Kupferman, J. P., Carro, Milonas, Kassal and Ellerin, JJ.