■ GEORGE McCANN, Petitioner, v CITY OF NEW YORK et al., Respondents.—Determination of respondent Commissioner of the New York City Fire Department, dated May 4, 1989, which fined petitioner 10 days' pay, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County [Martin Stecher, J.], entered Nov. 28, 1989) is dismissed, without costs.

Petitioner's purported lack of opportunity to review and comment upon the information contained in his personnel file pursuant to rule 3.1.2 of the Guidelines for Disciplinary Procedures of the Office of Administrative Trials and Hearings is unsupported. The record indicates that the Administrative Law Judge (ALJ) informed petitioner at the close of the hearing that his personnel file would be reviewed in the event she found him guilty of the charges. Her report and recommendation noted her review of the favorable information contained in petitioner's file and was specific enough for petitioner to determine what information was relied upon. In setting the penalty, the Commissioner did not indicate reliance upon any information contained in petitioner's file. The Commissioner's decision does state, however, that petitioner did make written submissions in response to the decision of the ALJ. Accordingly, petitioner did have notice and opportunity to make written comments in response to any information contained in his personnel file, and the parties have cited no authority which would require any additional notice procedures.

The findings and determination that petitioner is guilty as charged are supported by substantial evidence, and it is not for this court to second-guess the judgment of the administrative tribunal with respect to the weight of the evidence or the credibility of the witnesses. *(Matter of Bravakos v Ward,* 146

AD2d 504, 505, *lv denied* 74 NY2d 601.) Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.