■ In the Matter of THOMAS HAMELINE, as Treasurer of the WILLIAMSBURGH-AROUND-THE-BRIDGE BLOCK ASSOCIATION, Petitioner, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Environmental Conservation, dated December 14, 1988, which authorized the renewal of the permit of the respondent Radiac Research Corporation to operate a hazardous waste storage facility at 33 South First Street in Brooklyn pursuant to 6 NYCRR part 373.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The respondent Radiac Research Corporation (hereinafter Radiac) applied to the New York State Department of Environmental Conservation (hereinafter the DEC) for a renewal of its permit to operate a hazardous waste storage facility at 33 South First Street, Brooklyn. In connection with this application, Radiac requested a variance pursuant to 6 NYCRR 373-1.1 (e) from the requirement in 6 NYCRR 373-2.9 (g) that containers holding ignitable or reactive waste be stored at least 50 feet from a hazardous waste management facility's property line. Radiac requested this variance because its facility, which is of concrete block and brick construction, is only 35 feet wide by 100 feet long, and is adjoined directly on either side by other industrial-use buildings which the petitioner does not own. After extensive hearings and the submission of voluminous documentary materials, the respondent Commissioner of the DEC granted Radiac a variance, on condition that it comply with certain standards set by the

National Fire Protection Association for fire-resistant construction. The permit was renewed upon condition, *inter alia,* that Radiac surround the oxidizer waste storage area with a six-inch high concrete berm.

The petitioner challenges the Commissioner's determination, asserting that the 50-foot buffer zone requirement may not be reduced by variance, and that in any event, the determination to grant the variance was not based upon substantial evidence in the record. Additionally, the petitioner asserts that the permit was improperly issued without a showing that Radiac had complied with 6 NYCRR 373-2.9 (h) (3), concerning the storage of incompatible wastes.

A review of the record demonstrates that the Commissioner's determination to grant the variance was supported by substantial evidence and had a rational basis in the record *(see,* CPLR 7803 [4]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-232; *Matter of New York City Tr. Auth. [New York State Pub. Employment Relations Bd.],* 154 AD2d 680). The uncontradicted facts demonstrated that due to the unique physical conditions of the facility, Radiac would be compelled to acquire the adjacent buildings and suffer a substantial financial burden in order to comply with the 50-foot buffer zone requirement *(see,* 6 NYCRR 373-1.1 [e] [1] [ii]). In addition, expert testimony and documentary evidence was presented by the respondents in support of the conclusion that the fire-resistant construction of Radiac's facility, in combination with its fire detection and suppression apparatus, provide greater safety than a 50-foot buffer zone could provide. The granting of the variance would not have a significant adverse impact on the public health, safety or welfare, the environment, or natural resources *(see,* 6 NYCRR 373-1.1 [e] [1] [iii]; [2]; *see also,* 42 USC § 6901 *et seq.;* 40 CFR 264.176).

As for the allegation that Radiac stores incompatible wastes, the record amply supports the conclusion that the conditions and restrictions imposed in the permit require Radiac to comply with 6 NYCRR 373-2.9 (h) (3). Although conflicting testimony was presented on this issue, it is not for the court, in reviewing the administrative determination, to substitute its own judgment for that of the agency in reviewing an administrative determination *(see, Matter of New York City Tr. Auth. [New York State Pub. Employment Relations Bd.], supra).* Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.