■ In the Matter of ANTHONY LaFEMINA, Petitioner, v LEE P. BROWN, as Police Commissioner of the City of New York, et al., Respondents. [598 NYS2d 785] —Determination of respondent Police Commissioner dated October 31, 1991, which found petitioner guilty of unjustifiably striking a civilian and then lying to an investigator about the cause of the civilian's injury, and suspended petitioner from his position as a police officer for a period of five days, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Shirley Fingerhood, J.], entered June 2, 1992), is dismissed, without costs or disbursements.

The hearing testimony of the investigator from the Civilian Complaint Investigative Bureau and the civilian's medical records constitute substantial evidence supporting respondent's finding that petitioner struck the civilian in the head. It is well settled that hearsay is admissible and may constitute substantial evidence in administrative hearings (People ex rel. Vega v Smith, 66 NY2d 130, 139), and that "it is the function of the administrative agency rather than that of the reviewing court to weigh the evidence and resolve conflicting testimony" (Matter of Ferriso v Ward, 161 AD2d 289, 291, lv denied 76 NY2d 706). To find, as petitioner would have us do, that the evidence did not exclude with any reasonable certainty the possibility that the civilian sustained his injuries when his car abruptly stopped and his head struck the windshield or some

other hard object in the interior of the car, would be to substitute our judgment for that of respondent on the weight of the evidence. Concur—Murphy, P. J., Sullivan, Milonas, Asch and Nardelli, JJ.