■ In the Matter of ANTHONY SALIBA, Petitioner, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [679 NYS2d 121] —Determination of respondent Housing Authority, dated April 19, 1995, which dismissed petitioner from his position as a Housing Authority police officer, without an award of back pay from August 19, 1994, when petitioner was initially terminated without hearing, to October 1, 1994, when petitioner was reinstated in recognition of his right to a hearing, unanimously modified, on the law, to direct payment of such back pay less the amount of any compensation that petitioner may have earned from any other employment or occupation, or any unemployment benefits he may have received during such period, and to remand to respondents for a determination of such amounts, the petition otherwise denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Stephen Crane, J.], entered January 16, 1997), otherwise disposed of by confirming the remainder of the determination, without costs.

Respondents' findings that petitioner acted unlawfully and in a manner unacceptable for a police officer in an off-duty encounter with a civilian motorist, knowingly and inappropriately associated with an individual reasonably believed to have been, or likely to be, engaged in criminal activity, and made false and misleading statements to respondents' investigator are supported by substantial evidence. Such evidence includes the transcript of petitioner's criminal trial in connection with the encounter with the civilian, and the testimony of respondents' investigator concerning his investigation into petitioner's association with the individual in question (*see, Matter of LaFemina v Brown*, 194 AD2d 405). We reject petitioner's claim that lawful procedure was violated by respondents' investigator's failure to apprise him before interviewing him that his improper association with a known criminal was a subject of the investigation, since the street altercation involved the individual in question, and thus petitioner should have anticipated questions about his relationship with such individual. There is no merit to petitioner's argument that because he was not allowed to personally appear before respondent Authority, he was not afforded an adequate opportunity to review and respond to the findings and recommendations of the Hearing Examiner before respondent made its final determination (*cf., Matter of Sorrentino v State Liq. Auth.*, 10 NY2d 143; *Matter of Fogel v Board of Educ.*, 48 AD2d 925). The penalty of dismissal is not disproportionate, but the failure to direct back pay was error (*see, Matter of Sinicropi v Bennett*, 60 NY2d 918, *affg* 92 AD2d 309). Concur— Sullivan, J. P., Rosenberger, Nardelli, Williams and Andrias, JJ.