◼ In the Matter of DANIEL ENANDER, Petitioner, v RAYMOND E. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [760 NYS2d 480] —Determination of respondent Police Commissioner, dated December 28, 2001, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Faviola Soto, J.], entered September 17, 2002), dismissed, without costs.

The finding that petitioner used excessive force in making an arrest is supported by substantial evidence, including the hearsay testimony of a Police Department investigator relating statements by eyewitnesses that petitioner viciously beat the nonresisting complainant about the head with a radio or flashlight, and unrefuted medical testimony that the complainant's surgically repaired multiple facial and skull fractures were consistent with multiple blows to the head and inconsistent with a fall (*see Matter of LaFemina v Brown*, 194 AD2d 405 [1993]). No basis exists to disturb respondent's finding of credibility rejecting petitioner's claim that the complainant sustained his injuries when he fell once off a curb during the police chase (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). Petitioner's ineffective assistance of counsel claim is improperly raised for the first time in reply papers (*see Ritt v Lenox Hill Hosp.*, 182 AD2d 560 [1992]), and, in any event, assuming there is a right to counsel in this type of proceeding, lacks support in the record. The penalty of dismissal does not shock our sense of fairness (*see Matter of Harp v New York City Police Dept.*, 96 NY2d 892 [2001]), particularly in view of the recent discipline of petitioner in another matter for excessive force resulting in injury. Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and Marlow, JJ.