■ In the Matter of ANTHONY B. JACKSON, Petitioner, v BERNARD B. KERIK, as Police Commissioner of the City of New York, et al., Respondents. [769 NYS2d 878]—

Determination of respondent Police Commissioner, dated on or about December 20, 2001, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jane Solomon, J.], entered August 2, 2001) dismissed, without costs.

The trial commissioner's findings of guilt were supported by substantial evidence (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]), including certain hearsay statements (see Matter of LaFemina v Brown, 194 AD2d 405 [1993]). It is the function of the trial commissioner, rather than a reviewing court, to resolve conflicting evidence (id.). In any event, petitioner's factual claims are unsupported by the evidence.

There is no merit to petitioner's allegation that one of the specifications was facially defective because it omitted a required element of the prohibited conduct as set forth in an interim order of the Police Commissioner. The specification did not allege a violation of the interim order, but instead alleged a violation

of the Patrol Guide and properly set forth such violation. Petitioner's remaining contentions are unpreserved and unavailing. Concur—Tom, J.P., Andrias, Saxe and Williams, JJ.