In the Matter of CITY OF NEWBURGH, Petitioner, v HAROLD NEWMAN et al., Constituting the Public Employment Relations Board of the State of New York, et al., Respondents. —Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board which dismissed an improper practice charge against respondent Local 589, International Association of Firefighters, AFL-CIO.

The primary issue raised by this proceeding is whether interest arbitration may be ordered to resolve a negotiating dispute during the term of a collective bargaining agreement. Petitioner and respondent Local 589, International Association of Firefighters, AFL-CIO (IAFF) were parties to a collective bargaining agreement. In 1981, during the term of the agreement, petitioner unilaterally reduced the number of firefighters assigned to each shift for a period of six months. IAFF then requested negotiation of the impact of the reduction. When subsequent negotiations failed to resolve the dispute, IAFF declared an impasse and the Public Employment Relations Board (PERB) appointed a mediator. In a prior

CPLR article 78 proceeding in the nature of prohibition, petitioner asserted, *inter alia,* that imposition of mediation was not authorized by Civil Service Law § 209 during the life of a contract. This court dismissed that petition and the Court of Appeals affirmed, stating that prohibition would lie only to proscribe a clear legal wrong and that PERB's order of mediation did not constitute such a clear legal wrong *(Matter of City of Newburgh v Public Employment Relations Bd.,* 97 AD2d 258, *affd* 63 NY2d 793).

IAFF then filed a petition for compulsory interest arbitration. In response, petitioner filed an improper practice charge with PERB, claiming that interest arbitration is not available during the term of a collective bargaining agreement. The charge was dismissed and PERB affirmed. The instant article 78 proceeding ensued and was transferred to this court.

PERB contends that the issue of whether interest arbitration may be ordered to resolve a negotiating dispute during the term of a collective bargaining agreement was decided by this court when this matter was previously before us and, accordingly, is barred by res judicata. However, the appeal to this court, in the previous article 78 proceeding was the result of PERB's decision to appoint a mediator and thus did not necessitate a holding on the issue of arbitration.

Although this court did not decide the merits of the arbitration issue in the previous appeal, the analysis employed in that case is readily applicable to the issue currently before us. PERB is the agency charged with interpreting and implementing the Taylor Law, of which Civil Service Law § 209 is a part. Therefore, PERB's construction, if not unreasonable, must be accepted *(Matter of City of Newburgh v Public Employment Relations Bd.,* 97 AD2d 258, 260, *supra).* Just as PERB's determination that it had authority to appoint a mediator during the course of an existing contract was not unreasonable *(id.),* it was likewise not unreasonable for PERB to determine that it has authority to impose arbitration under Civil Service Law § 209. Accordingly, PERB's determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.