■ In the Matter of STATE OF NEW YORK (DEPARTMENT OF TRANSPORTATION), Petitioner, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that petitioner had committed an improper employer practice.

Respondent Public Employees Federation, AFL-CIO (hereinafter PEF) filed two improper practice charges against petitioner as a result of petitioner's unilateral action of increasing the workweek of certain motor vehicle and bridge inspectors covered by PEF's collective bargaining agreement with petitioner from 37.5 hours to 40 hours. Following a hearing, an

Administrative Law Judge (hereinafter ALJ) found that petitioner had violated Civil Service Law § 209-a (1) (d) by refusing to negotiate in good faith and ordered, *inter alia*, that petitioner compensate the affected employees at their applicable rate of pay, plus interest, for 2.5 hours of work for each week that they were required to work 40 hours. Upon administrative appeal, respondent Public Employment Relations Board (hereinafter PERB) affirmed the ALJ's determination in all relevant respects. Petitioner then sought judicial review of PERB's determination in this proceeding, which was transferred to this court pursuant to CPLR 7804 (g).

Initially, we reject the contention that PERB lacked jurisdiction over the unfair practice charges because workweek issues had been negotiated by the parties and were comprehensively covered by the collective bargaining agreement. Although there is no question that PERB may not exercise jurisdiction over alleged violations of a collective bargaining agreement *(see,* Civil Service Law § 205 [5] [d]), we agree with PERB that these unfair practice charges are outside of the parties' contract. Petitioner concedes that the subject employees were classified as "field" employees, and section 32.1 of the contract, which deals specifically with the employees' "workweek" and "workday", excepts from its coverage, among others, employees employed on a field basis. Petitioner's remaining challenges to PERB's jurisdiction have been considered and rejected.

Turning then to the merits, we reject the contention that PERB erred in its conclusion that petitioner engaged in unfair practices. Public employers must negotiate in good faith with a recognized employee organization about the "terms and conditions of employment" (Civil Service Law § 204 [3]; *see, Matter of Board of Coop. Educ. Servs. Sole Supervisory Dist. v New York State Pub. Employment Relations Bd.,* 82 AD2d 691, 693), including the number of hours worked by an employee *(see,* Civil Service Law § 201 [4]). An employer's failure to negotiate in good faith where required by law is an improper employer practice *(see,* Civil Service Law § 209-a [1] [d]). The fact that the State had previously proposed that all employees be subject to a 40-hour workweek is of no assistance to petitioner. Notably, while the proposal was discussed in negotiations, it was not included in the agreement ultimately reached. Obviously, the State's mere proposal of a term and condition of employment will not permit it to unilaterally impose the same provision at a later time. The case of *Matter of Civil Serv. Employees Assn. v Newman* (88 AD2d 685, *affd*

61 NY2d 1001) does not hold to the contrary. Further, Civil Service Law § 134 (1), which provides that, with certain exceptions, the workweek of State employees shall not be more than 40 hours, does not, as asserted by petitioner, "establish a basic 40 hour workweek for all annual salaried employees of the State"; rather, it imposes a ceiling. Similarly, 4 NYCRR 20.1, although establishing a basic 40-hour workweek, specifically authorizes an appointing agency to establish a workweek of not less than 37.5 hours when such "would not interfere with the proper performance of government functions". In this case, the appointing agency, petitioner, had established a 37.5-hour workweek.

Finally, neither Civil Service Law § 134 (1), authorizing monetary compensation only for overtime in excess of 40 hours in a week, nor 9 NYCRR 135.11 (a), providing for compensatory time off "for overtime worked in excess of [37.5] hours but not in excess of 40 hours in a workweek" for employees whose basic work schedule is less than 40 hours per week, prohibits PERB from ordering compensation for the additional hours worked as a result of petitioner's improper practices. As properly contended by PERB, because it has not ordered any compensation for overtime worked or any compensation at an overtime rate, Civil Service Law § 134 (1) has no application. Similarly, 9 NYCRR 135.11 (a) does not apply because the workweek of the affected employees was 40 hours. Although there is no question that, had petitioner left the basic workweek at 37.5 hours and merely assigned the affected employees an additional 2.5 hours of work per week, appropriate compensation would have been in the form of time off. Here, though, petitioner increased the basic work schedule of the affected employees to 40 hours, taking the matter outside the purview of 9 NYCRR 135.11 (a), and will not be heard to complain that it should be treated as if it had not taken the improper action. In our view, PERB has done nothing more than order petitioner to pay its employees for the hours which it required them to work and, as such, acted within its broad remedial powers to make the affected employees whole *(see,* Civil Service Law § 205 [5] [d]; *Matter of New York City Tr. Auth. v New York State Pub. Employment Relations Bd.,* 154 AD2d 680, 681; *Matter of City of Poughkeepsie v Newman,* 95 AD2d 101, 105, *appeal dismissed* 60 NY2d 859, *lv denied* 62 NY2d 602; *Matter of Saratoga Springs City School Dist. [New York State Pub. Employment Relations Bd.],* 68 AD2d 202, 210-211, *lv denied* 47 NY2d 711).

Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.

Adjudged that the determination is confirmed, petition dismissed, and application for enforcement granted, with one bill of costs.