■ In the Matter of GLENS FALLS POLICE BENEVOLENT ASSOCIATION, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent. [601 NYS2d 202] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which dismissed an improper employer practice charge for lack of jurisdiction.

In January 1991, petitioner filed an improper practice charge with respondent alleging that the City of Glens Falls had violated Civil Service Law § 209-a (1) (d). Petitioner asserted that the City unilaterally changed its existing policy of providing credit for prior police service within the State in calculating its members' eligibility for retirement under a newly negotiated 20-year retirement plan, pursuant to Retire-

ment and Social Security Law § 384-d. The City interposed an answer which, as subsequently amended, contained the affirmative defense that respondent lacked jurisdiction over the dispute.

Following a hearing in April 1991 and May 1991, an Administrative Law Judge (hereinafter ALJ) determined that the City had unilaterally discontinued its past practice of routinely giving credit for prior police service with other municipalities in calculating eligibility for retirement. The ALJ therefore found that the City had violated Civil Service Law § 209-a (1) (d) and ordered the City to restore this practice. The City filed exceptions to the ALJ's decision. Respondent concluded that the source of petitioner's right to prior service credit is an alleged oral agreement entered into during negotiation of the new 20-year retirement plan incorporated into the 1989 to 1991 contract between petitioner and the City. Because respondent's jurisdiction to prevent improper employer practices is limited by the statutory provision that it "shall not exercise jurisdiction over an alleged violation of [an agreement between an employer and an employee organization]" (Civil Service Law § 205 [5] [d]), respondent dismissed the charge. Petitioner then brought this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g).

In our view, the testimony of petitioner's president that the City's negotiators agreed that prior service credit would be applied for purposes of eligibility under the new plan provides sufficient record support for respondent's determination (see, *Matter of Margolin v Newman,* 130 AD2d 312, *appeal dismissed* 71 NY2d 844), which must, accordingly, be confirmed. Petitioner's claim that respondent's jurisdiction is not affected by "oral" agreements lacks merit. Oral agreements are no less "the result of the exchange of mutual promises" (Civil Service Law § 201 [12]) than are written agreements and their enforcement is no less outside respondent's jurisdiction (see, *Matter of Public Empls. Fedn. v New York State Dept. of Taxation & Fin.,* 24 PERB ¶ 3034; *Matter of Town of Henrietta v Local 1170 of Communications Workers,* 23 PERB ¶ 3004). In fact, Civil Service Law § 204 (3) only requires that agreements be reduced to writing "if requested by either party". Further, because respondent's determination is based on its construction of the Taylor Law (Civil Service Law art 14), it is entitled to deference (see, *Matter of City of Newburgh v Newman,* 117 AD2d 965, *affd* 69 NY2d 166). Finally, contrary to petitioner's assertion, respondent's determination that it lacks jurisdiction over the dispute between petitioner and

the City is not a departure from prior precedent *(see, e.g., Matter of Civil Serv. Empls. Assn. v County of Nassau,* 23 PERB ¶ 3051; *Matter of Nassau County v Patrolmen's Benevolent Assn.,* 16 PERB ¶ 3043).

Weiss, P. J., Yesawich Jr., Levine and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.