■ In the Matter of ONONDAGA-CORTLAND-MADISON BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Petitioner, v PAULINE R. KINSELLA et al., Constituting the Public Employment Relations Board of the State of New York, Respondents. [604 NYS2d 401] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: It was error for Public Employment Relations Board (PERB) to find that the newly represented job titles created in June 1990 were covered by the agency shop provision in the 1989 Collective Bargaining Agreement. PERB exceeded its jurisdiction by engaging in the interpretation and construction of the agreement *(see,* Civil Service Law § 205 [5] [d]). PERB has the authority to prevent improper labor practices (see, Civil Service Law § 205 [5] [d]); however, absent an allegation that an employer's alleged violation of its agreement with an employee association constitutes an improper employer practice, PERB has no jurisdiction to interpret or enforce the provisions of the agreement *(see, Matter of Glens Falls Police Benevolent Assn. v Public Empl. Relations Bd.,* 195 AD2d 933; *Matter of State of New York [Department of Transp.] v Public Empl. Relations Bd.,* 174 AD2d 905, 906; *Nassau Ch. of Civ. Serv. Empls. Assn. v County of Nassau,* 84 AD2d 784, 785; *Matter of Levittown Union Free School Dist. [Nassau Educ. Ch., Civ. Serv. Empls. Assn.],* 13 PERB ¶ 3014).

The dispute over the agency shop fee involves no improper employer practice *(see,* Civil Service Law § 209-a [1]). What is involved is a question of the meaning and enforcement of the contract and the matter is, therefore, outside the scope of PERB's jurisdiction *(Matter of Levittown Union Free School Dist. [Nassau Educ. Ch., Civ. Serv. Empls. Assn.], supra).*

The proceeding is not moot. The rights of the parties will be directly affected by the determination of this proceeding because petitioner has been judged to have violated Civil Service Law § 209-a (1) and has been required to post a notice informing its employees of the violation *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714).

The determination is modified by reversing respondents' finding that petitioner violated Civil Service Law § 209-a (1) (a) by refusing to deduct agency shop fees and by striking the order directing petitioner to post a notice of said violation. (Article 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Stone, J.) Present—Denman, P. J., Green, Balio, Boomer and Boehm, JJ.