■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, NASSAU LOCAL 830, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [615 NYS2d 502] —Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that respondent

County of Nassau had not committed an improper employer practice.

This CPLR article 78 proceeding was commenced by petitioner to challenge a decision made by respondent Public Employment Relations Board (hereinafter PERB) dismissing petitioner's improper practice charge alleging that the County violated Civil Service Law § 209-a (1) (a) and (d) when it unilaterally furloughed or temporarily laid off unit members of petitioner. PERB held that it did not have jurisdiction to entertain the merits of the dispute pursuant to Civil Service Law § 205 (5) (d), and also dismissed the alleged violation of Civil Service Law § 209-a (1) (a) on its merits by finding that the record failed to support the claim that the County's action was an unlawful interference with petitioner's protected rights. Neither petitioner nor PERB objected to the application by the County for leave to intervene. The matter was transferred to this Court pursuant to CPLR 7804 (g).

The underlying facts simply stated are that pursuant to a collective bargaining agreement (hereinafter the CBA), covered employees were to receive a 5.5% wage increase in January 1992. When petitioner twice rejected the County's proposal to reopen the CBA and renegotiate because of a fiscal crisis, the County implemented a plan under its "Management Rights" provision in the CBA to furlough unit employees of petitioner without pay for up to 18 days in order to offset or negate the 5.5% wage increase.* Petitioner responded with the improper practice charge alleging violations of Civil Service Law § 209-a (1) (a) and (d). The Administrative Law Judge (hereinafter ALJ) dismissed the improper practice charge after a hearing and PERB affirmed the decision.

Faced with Civil Service Law § 205 (5) (d), which provides that PERB may not enforce a collective bargaining agreement or otherwise "exercise jurisdiction over an alleged violation of such an agreement that would not otherwise constitute an improper employer or employee organization practice", petitioner contends that it neither asserted any right that derives from the CBA nor asked PERB to interpret that agreement. Rather, petitioner argues that the unpaid furloughs do not involve a dispute over the rate of compensation provided in the CBA which would have distilled to a breach of contract

---

* Employees would be relieved from duty for one day in each of several pay periods until a designated total number of days sufficient to offset the 5.5% wage increase had resulted. However, the program was discontinued after only two furlough or "relief from duty" days.

issue. Petitioner instead argues that the charge centers upon the very right to compensation on furlough days which does not derive from the CBA and over which PERB has jurisdiction. The County asserted as an affirmative defense, and PERB agreed, that its plan *arguably and reasonably* was an issue of whether contractual rights had been breached and that PERB's jurisdictional limitation was triggered (Civil Service Law § 205 [5] [d]). In addition, PERB found that the "Management's Rights Clause" in the CBA expressly encompassed a question of whether there was present either "lack of work *or other legitimate reasons*" (emphasis supplied) to justify the furlough plan, clearly a contractual issue beyond PERB's jurisdiction *(see, Matter of Glens Falls Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 195 AD2d 933; *see also, Matter of Buffalo Teachers Fedn. v Board of Educ.,* 25 PERB ¶ 3064). The record demonstrates that the severe budgetary crisis and the management rights provision of the CBA provide substantial evidence to support PERB's decision which we find to be wholly rational *(see, Matter of Board of Educ. v New York State Pub. Empl. Relations Bd.,* 167 AD2d 398, 399, *lv denied* 77 NY2d 805; *Matter of Margolin v Newman,* 130 AD2d 312, 316, *appeal dismissed* 71 NY2d 844; *see also, Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.,* 154 AD2d 680).

We find petitioner's contentions that the County's unilateral exercise of its management rights clause was motivated by anti-union animus to lack merit. Nor was petitioner singled out for retaliatory action; rather, other unions had agreed to the program making the action a legitimate response. Petitioner's arguments that the dispute is extracontractual in nature, and that the County lacked a reasonably arguable source of right to implement the furlough plan are unpersuasive. We are unable to find that the claims asserted by petitioner have any basis other than breach of the CBA and therefore the jurisdiction of PERB has been foreclosed *(see, Matter of Albany Permanent Professional Firefighters Assn. v City of Albany,* 25 PERB ¶ 3006).

This Court has a limited scope of review of PERB decisions *(see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.,* 48 NY2d 398, 404) which we find compels our confirmation of this case.

Mercure, J. P., White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.