■ In the Matter of WESTCHESTER COUNTY POLICE OFFICERS BENEVOLENT ASSOCIATION, INC., Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD OF THE STATE OF NEW YORK et al., Respondents. [720 NYS2d 212] —Rose, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered September 22, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as premature.

Petitioner filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) against respondent County of Westchester. In its answer to the charge, the County asserted, *inter alia*, that its action was proper under article 1.6 of its collective bargaining agreement (hereinafter the CBA) with petitioner. PERB remanded the matter to the Assistant Director of Public Employment Practices and Representation to determine whether grievances filed under article 1.6 are ultimately decided by arbitration. After a hearing, the Assistant Director agreed with the County and deferred a decision on the merits of petitioner's improper practice charge to an arbitrator. Petitioner excepted and, on February 25, 1999, PERB affirmed the Assistant Director's decision.

Petitioner then commenced this CPLR article 78 proceeding seeking to overturn PERB's decision and requesting a remand to PERB for a decision on the merits of its improper practice charge. Supreme Court dismissed the petition as premature, ruling that PERB's February 25, 1999 decision was not a final order because PERB did not dispose of the merits of petitioner's improper practice charge. This appeal followed.

We agree with petitioner that PERB's February 25, 1999 determination is ripe for CPLR article 78 review because we view it as final regarding the primary issue in this proceeding—

whether grievances under article 1.6 of the CBA are subject to arbitration. First, we note that orders of PERB generally are deemed to be final and reviewable under Civil Service Law § 207 (1), (2) and § 213 (a) (*see, Matter of State of New York [Insurance Dept. Liquidation Bur.] v Public Empl. Relations Bd.,* 68 NY2d 695, *revg on dissenting mem below* 114 AD2d 734, 736). Second, "[i]t is well settled that '[a]dministrative action becomes final and binding when it has impact upon a party and it is clear that the party is aggrieved thereby'" (*Matter of New York State Rehabilitation Assn. v State of New York, Off. of Mental Retardation & Dev. Disabilities,* 237 AD2d 718, 720, quoting *New York City Off Track Betting Corp. v State of New York Racing & Wagering Bd.,* 196 AD2d 15, 18, *lv denied* 84 NY2d 804). "To determine if agency action is final, therefore, consideration must be given to 'the completeness of the administrative action' and 'a pragmatic evaluation [must be made] of whether the "decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury"' * * * [that can]not be 'prevented or significantly ameliorated by further administrative action or by steps available to the complaining party'" (*Matter of Essex County v Zagata,* 91 NY2d 447, 453, quoting *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 519-520, *cert denied* 479 US 985, quoting *Williamson County Regional Planning Commn. v Hamilton Bank,* 473 US 172, 192-193 [citations omitted]).

Although here PERB did not resolve the ultimate issue of whether the County was guilty of an improper employer practice, the determination to be reviewed in this proceeding—the arbitrability of petitioner's grievance—was finally resolved and will not be mooted by either the arbitrator's decision or further administrative proceedings (*see, Matter of State of New York [Insurance Dept. Liquidation Bur.] v Public Empl. Relations Bd., supra*). Despite PERB's contention that it could revisit the issue of arbitrability, the affirmed decision states that a motion to reopen upon completion of arbitration would be granted only if "the County interpose[s] an objection to the arbitrability of the grievance or * * * the [arbitrator's] award [fails to] satisfy the criteria for deferral." In addition, the decision has a significant impact on petitioner who may be compelled to proceed to arbitration on other grievances under article 1.6 of the CBA due to the precedent set by PERB's ruling. Therefore, Supreme Court should not have dismissed the petition as premature.

In light of this ruling, we next consider whether this Court should review PERB's determination to ascertain whether it is

supported by substantial evidence, as PERB suggests, or remit the matter to Supreme Court. Although the substantial evidence standard of review would be utilized in reviewing a final determination of an improper practice charge by PERB (*see, Matter of Margolin v Newman*, 130 AD2d 312, 315-316, *appeal dismissed* 71 NY2d 844), PERB has not yet made such a determination, but only interpreted a provision of the CBA, ruling it applicable to petitioner's present grievance. As the issue presented is whether PERB's interpretation is legally correct, the appropriate standard of review is whether the determination is "affected by an error of law, arbitrary and capricious, or an abuse of discretion" (*Matter of Town of Carmel Police Benevolent Assn. v Public Empl. Relations Bd.*, 267 AD2d 858, 859). In the absence of a substantial evidence question, Supreme Court should initially review the issue raised in this proceeding (*see*, CPLR 7804 [g]).

Cardona, P. J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.