[785 NYS2d 130]

In the Matter of COUNTY OF ERIE et al., Petitioners, v STATE OF NEW YORK et al., Respondents.

Third Department, November 4, 2004

## APPEARANCES OF COUNSEL

*Frederick A. Wolf, County Attorney*, Buffalo (*Kristin Klein Wheaton* of counsel), for petitioners.

*Sandra M. Nathan, Public Employment Relations Board*, Albany, for Public Employment Relations Board and others, respondents.

*Reden & O'Donnell L.L.P.*, Buffalo (*Robert J. Reden* of counsel), for International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Local 624, respondent.

## OPINION OF THE COURT

MERCURE, J.P.

This proceeding involves an improper practice charge filed by respondent International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Local 264 (hereinafter the union) with respondent Public Employment Relations Board (hereinafter PERB). Specifically, the union asserted that petitioners violated Civil Service Law § 209-a (1) (d) by withholding from it certain requested material pertaining to a

grievance filed by bargaining unit member Officer Paul Bartolomeo, who was discharged after an investigation of sexual harassment allegations made by his fellow employees. In response to the improper practice charge, petitioners argued, among other things, that PERB lacked jurisdiction because the union's right to information derived exclusively from the collective bargaining agreement (hereinafter CBA). Following a hearing, an administrative law judge determined that petitioners violated Civil Service Law § 209-a (1) (d) and directed them to provide the union with portions of the files compiled during investigations conducted by petitioners into the allegations against Bartolomeo. PERB affirmed and petitioners initiated this proceeding pursuant to CPLR article 78 to annul, vacate and set aside PERB's decision and order. Based on a stipulation of the parties, Supreme Court transferred the proceeding to this Court (*see* CPLR 7803 [4]; 7804 [g]), and we now confirm.

■ Civil Service Law § 205 (5) (d) provides that PERB may not enforce a CBA or "exercise jurisdiction over an alleged violation of such an agreement that would not otherwise constitute an improper employer . . . practice." That is, an employer's breach of a CBA provision is remediable through contractual grievance procedures unless the parties agree otherwise, while a charge that an employer has violated the statutory duty to bargain in good faith over a matter outside the terms of a CBA is a matter within PERB's jurisdiction (*see* Civil Service Law §§ 204, 209-a [1] [d]; *Matter of Roma v Ruffo*, 92 NY2d 489, 494-495 [1998]). Thus, as petitioners correctly assert, PERB lacks "jurisdiction over a failure to bargain charge 'when the parties' collective bargaining agreement provides the charging party *with a reasonably arguable source of right* with respect to the subject matter of the charge' " (*Matter of Roma v Ruffo, supra* at 498, quoting *Matter of Nassau Ch. Civ. Serv. Empls. Assn., Local 1000 [County of Nassau]*, 25 PERB ¶ 3071; *cf. Matter of Patrolmen's Benevolent Assn. of Vil. of Walden v Kinsella*, 263 AD2d 885, 886 n 2 [1999]). Where, however, a CBA is silent on an issue, the unilateral implementation of procedures regarding matters subject to collective bargaining violates the statutory duty to bargain under Civil Service Law § 209-a (1) (d) (*see Matter of Roma v Ruffo, supra* at 495; *Matter of City of Newburgh v Newman*, 69 NY2d 166, 170-173 [1987]; *Matter of City of Syracuse v Public Empl. Relations Bd.*, 279 AD2d 98, 103 [2000], *lv denied* 96 NY2d 717 [2001]). In addition, PERB has held that the duty to negotiate under section 209-a (1) (d) includes an obligation on the part of the employer to provide in-

formation relevant to a union's investigation of the merits of a grievance (*see Matter of Schuyler-Chemung-Tioga Educ. Assn. [Schuyler-Chemung-Tioga Bd. of Coop. Educ. Servs.]*, 34 PERB ¶ 3019 [2001]; *Matter of New York State Pub. Empls. Fedn., AFL-CIO [State of New York (Dept. of Health & Roswell Mem. Inst.)]*, 26 PERB ¶ 3072 [1993]).

Here, the parties are in agreement that the CBA did not provide for disclosure of the materials at issue and the union makes no argument that Bartolomeo's contractual rights were breached when petitioners refused to turn over those materials. The parties' dispute centers on whether the contractual language in the CBA addressing discovery procedures acts as an express limit on the type of disclosure to which the union is entitled in connection with its investigation of the merits of grievances filed by union members. In relevant part, section 21.7 provides for the release of written statements or records to be presented as evidence at any hearing to be held on the grievance and section 22.1 (d) states that a copy of any written record made of petitioners' interrogation of an employee shall be provided to the employee. The information requested by the union did not relate to petitioners' interrogation of Bartolomeo. Nor is there any indication that petitioners intended to use the files at a hearing on the grievance, should the union decide to proceed. Instead, the requested files—which included background information regarding the allegations against Bartolomeo, a list of persons interviewed, the equal employment opportunity investigator's summary of the interviews, the investigator's findings and letters issued by the investigator to the complainants and Bartolomeo—were to be used in the union's own investigation of the grievance. Thus, we agree with PERB that the dispute centers on materials that are outside the CBA.

Moreover, we reject petitioners' argument that PERB erred in determining that the union retained its right to disclosure of the materials under the Taylor Law despite agreeing in section 21.7 of the CBA to an exchange only of statements and records to be used at a hearing. A union may waive Taylor Law rights (*see Matter of Patrolmen's Benevolent Assn. of Vil. of Walden v Kinsella, supra* at 887), but the waiver must be established by evidence of an " 'intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it' " that is "clear, unmistakable and without ambiguity" (*Matter of Civil Serv. Empls. Assn. v Newman*, 88 AD2d

685, 686 [1982], *affd on op below* 61 NY2d 1001 [1984], quoting *City of New York v State of New York*, 40 NY2d 659, 669 [1976]). As PERB concluded, the relevant contractual language relates to the hearing stage of a grievance proceeding and simply does not address or evince a clear, intentional relinquishment of the statutory right to documents relevant to the union's investigation of Bartolomeo's grievance. Inasmuch as it cannot be said that "[i]n all respects, the rights asserted by the parties to this controversy are derived from exchanges of promises in the CBA" (*Matter of Roma v Ruffo, supra* at 499; *cf. Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, Nassau Local 830 v New York State Pub. Empl. Relations Bd.*, 207 AD2d 589, 591 [1994], *lv denied* 84 NY2d 808 [1994]), PERB's determination not to defer the matter to arbitration was not arbitrary and capricious (*see Matter of City of Newburgh v Newman, supra* at 171; *Matter of State of New York [Dept. of Transp.] v Public Empl. Relations Bd.*, 174 AD2d 905, 906 [1991]).

▉ Turning to the merits, we conclude that substantial evidence supports PERB's determination that petitioners committed an improper practice when they failed to turn over the requested documents to the union. PERB has long held that an employer has the obligation under Civil Service Law § 209-a (1) (d) to provide information relevant to a union's investigation of a grievance, subject to a consideration of the burden on the employer, the availability of the information elsewhere, and the necessity and relevance of the information to the union's investigation (*see e.g. Matter of Schuyler-Chemung-Tioga Educ. Assn. [Schuyler-Chemung-Tioga Bd. of Coop. Educ. Servs.]*, 34 PERB ¶ 3019, *supra*). Here, petitioners argue that the record does not support PERB's determination that the union's need to obtain the information necessary to evaluate the grievance outweighed petitioners' interest in maintaining confidentiality and fostering an environment in which victims are willing to cooperate in internal investigations of sexual harassment complaints. Petitioners further aver that the requested materials were available elsewhere because Bartolomeo's union representative sat through many of the interviews of the complainants and the union has access to the employees for interviews in preparation of the grievance.

With respect to the latter contention, the record establishes that the union representative did not sit through all interviews, that the union was unaware of exactly who petitioners interviewed and that petitioners barred the representative from

testifying about the substance of the interviews that he did attend. Hence, we agree with PERB that the requested materials were not otherwise available to petitioners (*cf. Matter of New York State Police Investigators Assn. [State of New York (Div. of State Police)]*, 30 PERB ¶ 3037). Addressing petitioners' remaining objection, while we agree that they articulate a legitimate concern in arguing that they must create an environment in which victims of sexual harassment are encouraged to come forward without fear of retaliation, the danger that the release of the requested materials would constitute an invasion of the victims' privacy or threaten their willingness to come forward was minimal here. Although they assert a need to maintain confidentiality, petitioners advised Bartolomeo and the union of the names of the complainants and the substance of their allegations against him prior to the union's request for the investigatory materials. In addition, petitioners notified the witnesses that their allegations would be disclosed to those with a legitimate business need to know and submitted affidavits of three of the complainants in a related proceeding. In our view, given petitioners' disclosures of the witnesses' names and nature of their complaints, PERB's determination that the union's need for the information outweighed petitioners' interest in maintaining the confidentiality of its investigatory process was not irrational (*Matter of New York State Pub. Empls. Fedn. AFL-CIO [State of New York (Dept. of Health & Roswell Mem. Inst.)]*, 26 PERB ¶ 3072, *supra*).

We have considered petitioners' remaining arguments and conclude that they are lacking in merit.

CREW III, PETERS, SPAIN and CARPINELLO, JJ., concur.

Adjudged that the determination is confirmed, without costs, petition dismissed, and application to enforce the determination granted. [As amended by unpublished order entered Feb. 15, 2005.]