■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [791 NYS2d 668]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which conditionally dismissed petitioner's improper employer practice charge.

At issue in this transferred CPLR article 78 proceeding (see CPLR 7804 [g]) is a challenge to a finding by respondent Public Employment Relations Board (hereinafter PERB) that it did not have jurisdiction over an April 2002 improper practice charge filed by petitioner against the Department of Correctional Services because the charge actually constituted a breach of a prior settlement agreement thereby divesting it of jurisdiction under Civil Service Law § 205 (5) (d) (*Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [State of New York (Dept. of Correctional Servs.)]*, 36 PERB ¶ 3040 [2003]). PERB conditionally dismissed the charge pursuant to its "jurisdictional deferral policy" as established by *Matter of Herkimer County BOCES Teachers Assn. (Herkimer County Bd. of Coop. Educ. Servs.)* (20 PERB ¶ 3050 [1987]) and *New York*

*City Tr. Auth. (Transport Workers Union of Am., AFL-CIO & Local 100)* (4 PERB ¶ 3031 [1971]). We now confirm.

Assuming, without deciding, that PERB's determination was final for the purpose of Civil Service Law § 213 (a) such that it is reviewable by this Court (*see Matter of Westchester County Police Officers Benevolent Assn. v Public Empl. Relations Bd. of State of N.Y.*, 279 AD2d 847 [2001], *lvs dismissed* 96 NY2d 886 [2001], 97 NY2d 692 [2002]), we agree with PERB's determination that it lacked jurisdiction over the subject improper practice charge, based on its construction of Civil Service Law § 205 (5) (d). The April 2002 charge alleged that officials at the Auburn Correctional Facility in Cayuga County assigned work that was supposed to be performed by maintenance employees to correction officers in violation of Civil Service Law § 209-a (1) (d). A similar charge had been filed by petitioner in October 1998 but was withdrawn after a settlement was reached in December 1998.

Pursuant to the terms of the settlement, work that was clearly within the realm of maintenance employees would be performed by such employees, work that was clearly security related would be performed by correction officers and work that fell within a "gray" area would be reviewed by the maintenance supervisor who would then make a decision as to where to assign it. This settlement was agreed upon by petitioner's local president and vice president, the maintenance supervisor responsible for deciding who should perform any questionable assignments and the Superintendent of the Auburn Correctional Facility. Notably, at a hearing before an Administrative Law Judge in the instant matter, petitioner's counsel admitted that the improper conduct being alleged constituted a breach of the 1998 settlement agreement.*

Civil Service Law § 205 (5) (d) provides that PERB "shall not have authority to enforce an agreement between an employer and an employee organization and shall not exercise jurisdiction over an alleged violation of such an agreement that would not otherwise constitute an improper employer or employee organization practice." Noting that "the courts have deferred to PERB's interpretation of the restriction on its jurisdiction in Civil Service Law § 205 (5) (d)" (*Matter of Roma v Ruffo*, 92 NY2d 489, 498 [1998]; *see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, Nassau Local 830 v New York*

---

* Although admitting that petitioner was asserting a breach of the 1998 agreement, petitioner's counsel nevertheless claimed that PERB was not divested of jurisdiction because the 1998 agreement was not an "agreement" as defined by Civil Service Law § 205 (5) (d).

*State Pub. Empl. Relations Bd.*, 207 AD2d 589, 591 [1994], *lv denied* 84 NY2d 808 [1994]; *Matter of Glens Falls Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 195 AD2d 933 [1993]), we will not disturb PERB's finding that the 1998 settlement agreement was indeed an agreement within the meaning of the limitation outlined under that statute. With respect to petitioner's claim that the statute pertains only to collective bargaining agreements, the Court of Appeals' decision in *Roma* dispels this notion inasmuch as the Court determined that PERB's jurisdiction can be divested by a contractual dispute which falls outside the terms of a collective bargaining agreement (*Matter of Roma v Ruffo, supra* at 497). Moreover, this Court has held that PERB's jurisdiction can be similarly divested by an oral agreement (*see Matter of Glens Falls Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., supra*).

Petitioner's remaining contentions have been reviewed and rejected as unpersuasive.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.