■ In the Matter of MONROE COUNTY, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [926 NYS2d 188]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court,

entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that petitioner committed an improper employer practice.

Respondent Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter CSEA) is the duly recognized bargaining representative for a unit of petitioner's part-time employees. At a meeting to negotiate a new contract between petitioner and CSEA for the part-time unit, three CSEA representatives were present—the president of CSEA's unit representing petitioner's full-time employees, a part-time employee on the negotiating team, and CSEA's labor relations specialist. During the meeting, petitioner inquired as to the whereabouts of Mary Gallina, who it believed to be the union president for the part-time unit. In response, the CSEA representatives informed petitioner that Gallina was no longer the unit president (she had separated from service with petitioner), the part-time unit had no officers and it was in administratorship, meaning that the CSEA local had taken over control of the part-time unit because there were no officers of that unit to run it.[1] Although petitioner agreed to negotiate with CSEA, it mailed all of its part-time employees represented by CSEA a letter and survey to assess whether to hold a secret ballot election to determine if CSEA should continue as the union representing those employees.

CSEA filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB). Following a hearing, an Administrative Law Judge (hereinafter ALJ) determined that petitioner "interfered with, restrained and coerced employees in the exercise of protected rights." Upon review, PERB affirmed the ALJ's determination, finding that petitioner's distribution of the survey was "inherently destructive of the rights of organization." PERB ordered that petitioner cease interfering with employees in the part-time unit through use of the survey, destroy the results of the survey and not publish or disseminate the results. Petitioner commenced this proceeding seeking to annul PERB's determination. PERB counterclaimed seeking enforcement of its remedial order (see Civil Service Law § 213). Upon stipulation of the parties, Supreme Court granted CSEA's motion to intervene and transferred the matter to this Court (see CPLR 7804 [g]).

Substantial evidence supports PERB's determination that petitioner violated Civil Service Law § 209-a (1) (a) by conduct-

---

1. The CSEA president of the unit representing petitioner's full-time employees was acting, on behalf of the CSEA local, as an administrator for the part-time unit.

ing the survey. Petitioner contends that it was acting appropriately and was justified in sending out the survey based on a provision in the prior collective bargaining agreement. That provision stated that CSEA's "representative status shall continue as long as it represents a majority of the bargaining unit employees, provided that if [petitioner] receives evidence that thirty percent or more of the unit employees are questioning this status, the parties will conduct a secret ballot election conducted by PERB to determine representative status." We give deference to PERB's interpretation of a collective bargaining agreement, which is within PERB's area of expertise, as long as that interpretation is reasonable, rational and supported by the language of the agreement (see Matter of Patrolmen's Benevolent Assn. of Vil. of Walden v Kinsella, 263 AD2d 885, 888 [1999]). Based on a plain reading of this language,[2] a secret ballot election would be held if petitioner "receive[d]" evidence. PERB rationally found that this passive language does not provide petitioner with the authority to actively solicit employees' opinions regarding their potential dissatisfaction with CSEA's union representation. Nor did petitioner have authority under the regulations to seek decertification of CSEA (see 4 NYCRR 201.3 [d], [e]).

Without any contractual or legal authority, petitioner sent its represented employees a letter stating that CSEA was untimely in its request for negotiations, the unit was in administratorship, it had no officers and the election of new officers was not yet scheduled.[3] The letter pointed out that the employees had been required to pay union dues during this time. The letter further stated that, "[b]ecause of the current situation," the purpose of the survey was to determine if CSEA enjoyed the support of the employees, and if 30% questioned whether CSEA should continue as the union representative a secret ballot election would be held to determine if CSEA should continue as the representative. On the survey, the sole question—whether the employee wished to be represented by CSEA—was followed by boxes to be checked either no or yes (rather than the more logical order of yes, then no).

---

2. Although petitioner argues that the ALJ improperly prevented it from presenting evidence concerning the parties' intent of this provision, such intent is irrelevant when the contract can be interpreted based upon its unambiguous language.

3. The ALJ found that the election of new officers was scheduled and the CSEA representatives informed petitioner of this fact at their meeting, although the CSEA representatives did not have the exact date of elections to provide petitioner at that meeting. Thus, this statement in the letter was inaccurate.

While petitioner may have had questions about CSEA's ability to effectively represent its employees in the part-time unit, PERB reasonably determined that this concern did not permit petitioner to conduct a survey. Considering petitioner's conduct in sending this letter and survey to represented employees, after agreeing to negotiate a new contract with the incumbent employee organization, PERB rationally determined that petitioner committed an improper employer practice (*see* Civil Service Law § 209-a [1] [a]; *see also Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd.*, 61 AD3d 1231, 1233-1234 [2009]). Accordingly, PERB is entitled to a judgment of enforcement of its remedial order (*see* Civil Service Law § 213; *Matter of City of Poughkeepsie v Newman*, 95 AD2d 101, 105 [1983], *appeal dismissed* 60 NY2d 859 [1983], *lv denied* 62 NY2d 602 [1984]).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, petition dismissed and respondent Public Employment Relations Board is entitled to a judgment of enforcement of its remedial order.