■ In the Matter of CITY OF NEW ROCHELLE, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [956 NYS2d 663]—

---

Egan Jr., J.

In January 2006, petitioner entered into a written agreement with the SOA allowing sergeants and lieutenants to work special duty details—assignments that, according to the PBA, previously had been performed exclusively by its members. As a result, the PBA again filed an improper practice charge against petitioner alleging a violation of Civil Service Law § 209-a (1) (d). Petitioner denied the allegations and asserted, among other things, that the improper practice charge had its genesis in a contractual dispute (based upon a violation of the 2004 stipulation of settlement) and, hence, PERB lacked subject matter jurisdiction. At the conclusion of the hearing that followed, the Administrative Law Judge (hereinafter ALJ) found that PERB had jurisdiction over the underlying charge and, further, that petitioner engaged in an improper practice when it unilaterally transferred exclusive bargaining unit work to nonunit employ-

ees. Petitioner filed exceptions, again asserting that PERB lacked jurisdiction over the subject dispute. PERB affirmed the ALJ's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge PERB's determination.

Petitioner—as a public employer—is required to negotiate in good faith with the PBA regarding the terms and conditions of its members' employment (*see* Civil Service Law § 204 [2]), and petitioner's failure to do so—if established—would constitute an improper employment practice within the meaning of Civil Service Law § 209-a (1) (d) (*see Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd.*, 95 AD3d 1479, 1480 [2012]). That said, Civil Service Law § 205 (5) (d) makes clear that PERB "shall not have authority to enforce an agreement between an employer and an employee organization and shall not exercise jurisdiction over an alleged violation of such an agreement that would not otherwise constitute an improper employer or employee organization practice," and an "agreement," for purposes of the statute, includes collective bargaining agreements (*see Matter of County of Saratoga v New York State Pub. Empl. Relations Bd.*, 21 AD3d 1160, 1163 [2005]; *Matter of County of Erie v State of New York*, 14 AD3d 14, 16 [2004]), stipulations/settlement agreements (*see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v New York State Pub. Empl. Relations Bd.*, 16 AD3d 819, 820-821 [2005]; *Matter of Police Assn. of Town of Harrison [EUS Town/Vil. of Harrison]*, 39 PERB ¶ 4595 [2006]) and oral agreements (*see Matter of Glens Falls Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 195 AD2d 933, 934 [1993]). To that end, PERB "has consistently interpreted [Civil Service Law § 205 (5) (d)] to deprive it of jurisdiction over failure-to-negotiate improper practice charges when the underlying disputes are essentially contractual, in favor of resolving the dispute through the parties' grievance-arbitration machinery, or resort to the courts" (*Matter of Roma v Ruffo*, 92 NY2d 489, 497 [1998]). Hence, " 'when the parties' . . . agreement provides the charging party *with a reasonably arguable source of right* with respect to the subject matter of the charge' " (*Matter of Roma v Ruffo*, 92 NY2d at 498, quoting *Matter of Nassau Ch. Civ. Serv. Empls. Assn., Local 1000 [County of Nassau]*, 25 PERB ¶ 3071 [1992]), PERB has either dismissed the improper practice charge outright or conditionally dismissed the charge pursuant to its "jurisdictional deferral policy" (*Matter of Deputy Sheriff's Benevolent Assn. of Onondaga County, Inc. [County of Onondaga]*, 30 PERB ¶ 3036 [1997]; *see Matter of Police Assn. of Town of Harrison [EUS Town/Vil. of Harrison]*, 39 PERB ¶ 4595 [2006]; *Matter of Public Empls. Fedn., AFL-CIO [State of*

*New York]*, 33 PERB ¶ 3012 [2000]; *Matter of Deputy Sheriff's Benevolent Assn. of Onondaga County, Inc. [County of Onondaga]*, 30 PERB ¶ 3036 [1997]; *Matter of Town of Carmel Police Benevolent Assn., Inc. [Town of Carmel]*, 29 PERB ¶ 3073 [1996]; *Matter of Herkimer County BOCES Teachers Assn. [Herkimer County Bd. of Coop. Educ. Servs.]*, 20 PERB ¶ 3050 [1987]; *cf. Matter of Westchester County Dept. of Pub. Safety Police Benevolent Assn., Inc. v New York State Pub. Empl. Relations Bd.*, 99 AD3d 1155, 1155-1156 [2012]).

Here, PERB rejected petitioner's jurisdictional defense because the 2004 stipulation of settlement—although plainly addressing the issue of eligibility for special duty details—did not expressly speak to the issue of the exclusivity of such assignments, i.e., the stipulation of settlement recited that PBA members were eligible to engage in special duty details, but it did not directly state that such assignments could be undertaken solely by PBA members. Hence, PERB concluded, the stipulation did not provide petitioner with a reasonably arguable source of right as to the subject matter of the improper practice charge filed by the PBA.

The flaw in PERB's argument on this point is that PERB's own prior decisions make clear that "[a] jurisdictional issue can be raised . . . even if the agreement [at issue] does not address specifically the particular allegations of the improper practice charge if the agreement is a source of right to the charging party with respect to the subject matter of the charge" (*Matter of Civil Serv. Empls. Assn., Nassau Local 830, AFSCME, Local 1000, AFL-CIO [County of Nassau]*, 23 PERB ¶ 3051 [1990], citing *County of Nassau [Patrolmen's Benevolent Assn. of Police Dept. of County of Nassau]*, 16 PERB ¶ 3043 [1983]). Stated another way, " '[t]he contours of the charging party's contract rights and the respondent's corresponding obligations need not be laid out in any detail to trigger the jurisdictional limitation in [Civil Service Law] § 205 (5) (d)' " (*Matter of Public Empls. Fedn., AFL-CIO [State of New York]*, 33 PERB ¶ 3012 [2000], quoting *Matter of Troy Police Benevolent & Protective Assn. [City of Troy]*, 28 PERB ¶ 3057 [1995]). Notably, the reasonably arguable source of right standard—by its very terms—does not require the charging party to establish a clear legal right to relief, nor does it guarantee that such party ultimately will succeed on the merits.

Applying these principles to the agreement before us, we are satisfied that the stipulation of settlement provides "a reasonably arguable source of right with respect to the subject matter of the [underlying improper practice] charge" (*Matter of Public*

*Empls. Fedn., AFL-CIO [State of New York]*, 33 PERB ¶ 3012 [2000])—even in the absence of an express reference to the issue of exclusivity. Accordingly, PERB erred in summarily dismissing petitioner's jurisdictional defense and reaching the merits of the dispute. PERB's determination is, therefore, annulled, and this matter is remitted to PERB for consideration of whether the improper practice charged should be summarily dismissed at this juncture or, alternatively, conditionally dismissed pending judicial resolution of the underlying contractual dispute. In light of this conclusion, we need not reach the remaining arguments advanced by petitioner.

Mercure, J.P., Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted to the extent of remitting this matter to respondent Public Employment Relations Board for further proceedings not inconsistent with this Court's decision.