Matter of State of New York v New York State Pub. Empl. Relations Bd. (2019 NY Slip Op 07670)





Matter of State of New York v New York State Pub. Empl. Relations Bd.


2019 NY Slip Op 07670


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

528017

[*1]In the Matter of State of New York, Petitioner,
v
New York State Public Employment Relations Board et al., Respondents.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Michael N. Volforte, Governor's Office of Employee Relations, Albany (Clay J. Lodovice of counsel), for petitioner.
David P. Quinn, Public Employment Relations Board, Albany, for Public Employment Relations Board, respondent.
Edward J. Aluck, New York State Public Employees Federation, AFL-CIO, Albany (John D. Svare of counsel), for New York State Public Employees Federation, AFL-CIO, respondent.



Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board finding that petitioner committed an improper employer practice.
Petitioner and respondent Public Employees Federation, AFL-CIO (hereinafter PEF) were parties to a collective bargaining agreement (hereinafter the CBA) from April 2011 to April 2015. PEF represents state employees in the Professional, Scientific and Technical Services Unit pertaining to a variety of employment and benefit-related issues, including employees who work at the Rochester Psychiatric Center (hereinafter RPC), a treatment facility overseen by the Office of Mental Health. Since 1982, RPC has implemented a policy wherein employees are not routinely required to submit doctor certificates for absences from work due to illness or injury, with the exception of six specified reasons that "management will require that a doctor's certificate be submitted." In December 2012, Christopher Kiristis, director of nursing at RPC, sent an email to the entire nursing staff stating that the administration had concerns over the coverage needs of its patients and that last minute employee call-outs from work created a high demand for mandatory coverage. As such, a policy change was implemented — as set forth in Kiristis' email — that "[l]ast minute call [ins] will require documentation supporting the [rationale] for the absence" for specified time periods during the 2012-2013 holiday season.
In response, PEF filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) alleging that petitioner violated Civil Service Law § 209-a (1) (d) by, among other things, unilaterally imposing a requirement that all employees submit medical documentation for unscheduled absences from work during the holiday season — a disciplinary work rule restricting employees' access to sick leave. Petitioner answered and, after a two-day hearing, an Administrative Law Judge (hereinafter ALJ) determined that it violated Civil Service Law § 209-a (1) (d) and ordered, among other things, that petitioner cease and desist from implementing the new requirement. Upon administrative appeal, PERB upheld the ALJ's determination. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul PERB's determination. PERB joined issue and interposed a counterclaim seeking to enforce its remedial order. Upon stipulation of the parties, Supreme Court transferred the matter to this Court, as it raises a substantial evidence question (see CPLR 7803 [4]; 7804 [g]).
Initially, we reject petitioner's assertion that PERB should have exercised a jurisdictional or merits deferral. Turning first to PERB's jurisdictional deferral policy, "PERB has consistently interpreted Civil Service Law § 205 (5) (d) to deprive it of jurisdiction over failure-to-negotiate improper practice charges when the underlying disputes are essentially contractual, in favor of resolving the dispute through the parties' grievance-arbitration machinery, or resort to the courts. Hence, when the parties' agreement provides the charging party with a reasonably arguable source of right with respect to the subject matter of the charge, PERB has either dismissed the improper practice charge outright or conditionally dismissed the charge pursuant to its jurisdictional deferral policy" (Matter of City of New Rochelle v New York State Pub. Empl. Relations Bd., 101 AD3d 1438, 1440-1441 [2012] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 21 NY3d 857 [2013]; see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v New York State Pub. Empl. Relations Bd., 16 AD3d 819, 819 [2005]). Here, the parties' CBA is silent on the issue of requiring doctor certificates for sick leave during the holidays, which is the subject of PEF's improper practice charge (see Matter of County of Saratoga v New York State Pub. Empl. Relations Bd., 21 AD3d 1160, 1163 [2005]). Thus, because PEF alleged that petitioner violated statutory rights under Civil Service Law § 209-a (1) (d) by failing to bargain over a past practice that was not expressly covered by the CBA (see id.; Matter of County of Erie v State of New York, 14 AD3d 14, 16 [2004]), the "matter is not a breach of contract dispute and PERB's jurisdictional limitation was not triggered" (Matter of County of Saratoga v New York State Pub. Empl. Relations Bd., 21 AD3d at 1163 [internal quotation marks, brackets and citation omitted]).
Similarly, PERB properly declined to exercise a merits deferral, which, in contrast to a jurisdictional deferral, "utilizes agreed-upon binding arbitration to determine contractual grievances in furtherance of the stated goal of the Taylor Law to encourage employers and public employees to agree upon dispute resolution procedures. Application of the policy results in a conditional dismissal, meaning that the improper practice charge remains subject to being reopened before PERB after the conclusion of the arbitration process" (Matter of Westchester County Dept. of Pub. Safety Police Benevolent Assn., Inc. v New York State Pub. Empl. Relations Bd., 99 AD3d 1155, 1156 [2012] [citations omitted]). Although PERB recognized that a provision in the CBA may have warranted a merits deferral of the matter at the outset by the ALJ, PERB ultimately concluded that doing so after the administrative hearing in which the parties had already furnished their proof would waste time and resources and essentially allow petitioner to relitigate the dispute at the conclusion of this administrative proceeding. Given that the "merits deferral policy has been judicially recognized in the past and the courts have generally deferred to PERB's interpretation" (Matter of Westchester County Dept. of Pub. Safety Police Benevolent Assn., Inc. v New York State Pub. Empl. Relations Bd., 99 AD3d at 1156 [internal citations omitted]), PERB's decision not to invoke such policy here was proper under the circumstances (see generally Matter of County of Saratoga v New York State Pub. Empl. Relations Bd., 21 AD3d at 1164 n).
Turning to the merits, the two salient issues are: (1) whether petitioner had an obligation to collectively bargain with PEF concerning the new restriction it imposed on sick leave during the 2012-2013 holiday season; and (2) if such an obligation existed, whether petitioner satisfied its duty owed to PEF. In reviewing these issues, our inquiry is "limited to whether [PERB's decision] is supported by substantial evidence which, in turn, depends upon whether there exists a rational basis in the record as a whole to support the findings upon which such determination is based" (Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd., 61 AD3d 1231, 1233-1234 [2009] [internal quotation marks, brackets and citations omitted]). "PERB is accorded deference in matters falling within its area of expertise such as cases involving the issue of mandatory or prohibited bargaining subject" (Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d 482, 492 [2014] [internal quotations marks and citations omitted]).
We turn first to whether petitioner had an obligation to collectively bargain with PEF concerning the new restriction. A public employer will violate Civil Service Law § 209-a (1) if it alters a past practice that impacts a mandatorily negotiable subject (see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 331 [1998]). For a past practice to be binding, it must be "unequivocal and continued uninterrupted for a period of time sufficient under the circumstances to create a reasonable expectation among the affected bargaining unit employees that the practice would continue. Further, the expectation of the continuation of the practice is something that may be presumed from its duration with consideration of the specific circumstances under which the practice has existed" (Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d at 492 [internal quotation marks, ellipsis, brackets and citations omitted]; see Matter of Spence v New York State Dept of Transportation, 167 AD3d 1188, 1189-1190 [2018]). Also, as relevant here, "it is well-settled that sick leave is a mandatory subject of negotiation. It is likewise well established that the procedures and policies for granting or terminating sick leave are mandatory" (Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v State of New York [Department of Corr. Servs.], 37 PERB ¶ 4552 [2004], affd 37 PERB ¶ 3023 [2004]; see Matter of Uniformed Firefighters Assn. of Scarsdale, Inc., Local 1394, IAFF, AFL-CIO v Village of Scarsdale, 50 PERB ¶ 3007 [2017]).
Here, the record reveals that, since 1982, it was not the policy of RPC to routinely require an employee to submit a doctor's certificate for each instance of unscheduled absence. Although the policy included certain exceptions where documentation could be required, none of these exceptions related to the new restrictions that petitioner imposed. The testimony of Karen Spotford, who has been employed at RPC since September 1982 and had served as the Council Leader for PEF since 2003, confirmed this course of conduct, and no evidence was adduced that the policy was applied other than as written. Accordingly, the new restrictions presented an altered policy from the one that had been consistently applied uninterrupted for at least 30 years. Petitioner has not proffered any evidence demonstrating that it negotiated with PEF prior to altering this policy. Therefore, substantial evidence supports PERB's determination that a past practice existed and that petitioner engaged in an improper practice by failing to engage in collective bargaining prior to altering the past practice to require medical documentation for individual days of sick leave (see Matter of Town of Islip v New York State Public Employment Relations Bd., 23 NY3d at 493-494; Matter of Board of Coop. Educ. Servs. Sole Supervisory Dist., Onondaga & Madison Counties v New York State Pub. Empl. Relations Bd., 82 AD2d 691, 694 [1981]; cf. Matter of Meegan v Brown, 81 AD3d 1403, 1405 [2011], lv denied 83 AD3d 1603 [2011]). Further, petitioner's reliance on 4 NYCRR 21.3 (d) is entirely misplaced and contrary to the facts of this case, as it does not authorize petitioner to unilaterally alter an established past practice that is a mandatory subject of negotiation between the parties (see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v State of New York [Department of Corr. Servs.], 37 PERB ¶ 3023 n 4 [2004]; Matter of Council 82, AFSCME, AFL-CIO v State of New York [Department of Corr. Servs.—Downstate Corr. Facility], 31 PERB ¶ 3065 [1998]).
Lastly, PERB properly granted a remedial order in this matter which, among other things, mandates petitioner to cease and desist from enforcing the change in policy, except as detailed in RPC's original written policy. Additionally, the remedial order requires petitioner to "[m]ake unit employees whole for wages and benefits lost, if any, as a result of [petitioner's] implementation of the at-issue sick leave usage policy concerning Christmas and New Year's holidays, with interest at the maximum legal rate." Inasmuch as the underlying order devised by PERB to remedy petitioner's improper practice could be reasonably applied (see Matter of City of New York v New York State Pub. Empl. Relations Bd., 103 AD3d 145, 151 [2012], lv denied 21 NY3d 855 [2013]), was not "unduly burdensome" and seemingly "further[ed] the goal of reaching a fair negotiated result" (Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d at 494), it must be upheld in all respects (compare Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd., 61 AD3d at 1234-1235). To that end, PERB is entitled to a judgment of enforcement of its remedial order (see Civil Service Law § 213 [d]; Matter of Monroe County v New York State Pub. Empl. Relations Bd., 85 AD3d 1439, 1442 [2011]; Matter of City of Poughkeepsie v Newman, 95 AD2d 101, 105 [1983], lv dismissed 60 NY2d 859 [1983], lv denied 62 NY2d 602 [1984]). Petitioner's remaining contentions have been examined and are found to be lacking in merit.
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, petition dismissed, and respondent Public Employment Relations Board is entitled to a judgment of enforcement of its remedial order.